IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS GRIFFIN,** | * | |
| Plaintiff, | * | |
| | | **Civil Action No. RDB-20-2511** |
| v. | * | |
| **SALISBURY POLICE DEPARTMENT,** *et al.*, | * | |
| | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Travis Griffin ("Plaintiff" or "Griffin") instituted this action on June 3, 2020 in the Circuit Court for Wicomico County, Maryland against Defendants Salisbury Police Department, Mayor and City Council of Salisbury, Joseph Doyle ("Officer Doyle"), and Garrett Ross ("Officer Ross"), individually and as police officers for Salisbury Police Department (collectively, "Defendants"). Plaintiff asserts state law claims against the individual officer Defendants for assault (Count I), battery (Count II), intentional infliction of emotional distress (Count IV), and violation of Maryland's Declaration of Rights (Count V). (Am. Compl., ECF No. 17.) In addition, Plaintiff asserts federal constitutional violations against Defendant Officer Ross in his official capacity (Count III), Defendants Salisbury Police Department and Mayor and City Council of Salisbury (Counts VI, VII, and VIII), and seeks indemnification against Defendants Salisbury Police Department and Mayor and City Council

of Salisbury (Count IX[1]).  (*Id.*)  Based upon the federal claims asserted in the Amended Complaint, Defendants timely removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  (Notice of Removal, ECF No. 1.)

Presently pending are Defendants' Motions to Dismiss or for Summary Judgment. (ECF Nos. 3, 15.[2])  Also pending is Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 24.)  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  As a preliminary matter, Defendants' original Motion to Dismiss or for Summary Judgment (ECF No. 15), based on Plaintiff's original and no-longer operative Complaint, shall be DENIED AS MOOT.  In addition, for the reasons that follow, Defendants' Motion to Dismiss or for Summary Judgment (ECF No. 3), construed as a Motion for Summary Judgment,[3] shall be GRANTED.  Specifically, Counts I, III, IV, VI, VII, VIII, and IX are DISMISSED WITH PREJUDICE; and SUMMARY JUDGMENT IS ENTERED in favor of Defendants on Counts II and V.  Finally, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 24) shall be DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found.*

---

[1] Plaintiff's claim for indemnification is listed as "Count V" in the Amended Complaint, which was likely the result of a renumbering error when Plaintiff amended his complaint.  Accordingly, the Court will renumber Count V as Count IX.

[2] ECF Number 15 is Plaintiff's original Motion to Dismiss or for Summary Judgment, filed in state court on August 5, 2020.  (ECF No. 15.)  After Defendants removed the case to this Court, Defendants filed ECF Number 3, a new Motion to Dismiss or for Summary Judgment based on Plaintiff's Amended Complaint. (ECF No. 3.)

[3] Defendants' submission will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered.  *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

*v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  Plaintiff Travis Griffin[4] brings this action based on a May 2017 traffic stop resulting in injury to his leg.  On or about May 26, 2017,[5] at approximately 9:55 p.m., Griffin was a passenger in a car in the area of Naylor and Brown Streets in Salisbury, Maryland.  (Am. Compl. ¶ 4, ECF No. 17; Doyle Aff. ¶ 3, ECF No. 3-2.) Defendant Officers Ross and Doyle were on patrol at that time in a marked Salisbury police cruiser in the same area, which was known for open air narcotics sales.  (*Id.*; Ross Aff. ¶ 4, ECF No. 3-3.)  Officer Doyle observed a blue Chevrolet Cruze fail to stop at a stop sign and advised Officer Ross of this observation.  (Doyle Aff. ¶ 4; Ross Aff. ¶ 4; Am. Compl. ¶ 5.) Officer Doyle also observed that the vehicle did not have adequate rear registration plate illumination.  (Doyle Aff. ¶ 4.)

The Officers attempted to effect a traffic stop on the vehicle by activating the police cruiser's emergency equipment.  (Doyle Aff. ¶ 5; Ross Aff. ¶ 4; Am. Compl. ¶ 6.)  The vehicle did not stop, instead running at least one stop sign, increasing its speed, swerving erratically, and driving the wrong day down a one-way street.  (Doyle Aff. ¶ 5; Ross Aff. ¶ 5; Am. Compl. ¶ 7.)  The vehicle eventually came to a stop when it crashed into a parked car, a chain link fence, and into the side of a residence.  (Doyle Aff. ¶ 5; Ross Aff. ¶ 5; Am. Compl. ¶ 8.)  The

---

[4] Plaintiff is currently awaiting trial in the Circuit Court for Wicomico County, Maryland on unrelated charges of first-degree attempted murder and armed robbery.  *See State v. Travis Griffin*, Criminal No.: D-023-CR-20-1172 (Circuit Court for Wicomico County, Maryland).

[5] While the Amended Complaint alleges that the incident occurred on March 26, 2017 (Am. Compl. ¶ 4, ECF No. 17), Defendant Officer Doyle's Affidavit states that the incident occurred on May 26, 2017 (Doyle Aff. ¶ 3, ECF No. 3-2).  In his Opposition, Plaintiff does not dispute Doyle's statement and indeed confirms that the incident occurred on May 26, 2017.  (Pl.'s Opp'n at 1, ECF No. 22-1.)

driver got out and fled on foot while the passenger, Plaintiff Griffin, also attempted to flee the scene. (Doyle Aff. ¶¶ 7-8; Ross Aff. ¶ 7; Am. Compl. ¶ 9.)

Upon Plaintiff's attempt to flee, Officer Ross pursued Plaintiff, grabbing Plaintiff's shirt and tackling him from behind. (Doyle Aff. ¶ 5; Ross Aff. ¶ 5; Am. Compl. ¶ 10.) Officer Ross did not strike or use any weapons on Plaintiff. (Ross Aff. ¶ 9.) Once Plaintiff was on the ground, Officer Ross observed Plaintiff quickly grab and hide underneath his body a cigarette box, which was later recovered containing suspected cocaine. (Doyle Aff. ¶ 8; Ross Aff. ¶ 8.) Officer Doyle then ran over to assist Officer Ross in handcuffing Plaintiff. (Doyle Aff. ¶ 10; Ross Aff. ¶ 8.) Plaintiff complained of a leg injury on the scene and the Officers waited with Plaintiff for the arrival of paramedics. (Doyle Aff. ¶ 10; Am. Compl. ¶ 11.) Plaintiff was first rushed to Peninsula Regional Medical Center and then immediately flown to University of Maryland Shock Trauma Center in Baltimore. (Am. Compl. ¶ 12.) Plaintiff alleges he suffered a "catastrophic break of his leg as he was tackled by Officer Ross." (Am. Compl. ¶ 11.) Upon a later search of the vehicle, officers found an open container of alcohol under the seat where Plaintiff had been seated and a marijuana blunt in the vehicle's center console. (Doyle Aff. ¶ 9; Ross Aff. ¶ 11.) In addition, Plaintiff had three outstanding warrants for his arrest. (*Id.*)

More than three years after the incident, on June 3, 2020, Plaintiff filed this action in the Circuit Court for Wicomico County, Maryland. (ECF No. 1-4.) Defendants filed a Motion to Dismiss or for Summary Judgment in the state court on August 5, 2020. (ECF No. 15.) When Plaintiff amended his Complaint to add federal claims, Defendants removed the case to this Court on August 31, 2020. (Am. Compl., ECF No. 17; Notice of Removal, ECF No.

1.)  Defendants also filed a new Motion to Dismiss or for Summary Judgment based on Plaintiff's Amended Complaint.  (ECF No. 3.)  On September 15, 2020, Plaintiff filed a Motion for Leave to File Second Amended Complaint.  (ECF No. 24.)

## STANDARD OF REVIEW

Defendants have filed a Motion to Dismiss, or, in the alternative, for Summary Judgment.  Typically, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint."  *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).  To the extent that grounds for dismissal are based solely on the contents of the Complaint, the Court may dismiss under Rule 12(b)(6) if the complaint does not allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A claim is plausible when the facts pled allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Rule 12(d) requires courts to treat a Rule 12(b)(6) motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded.  Fed. R. Civ. P. 12(d).  Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*  "Reasonable opportunity" has two requirements: (1) the nonmoving party

must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). Here, the notice requirement has been satisfied by the title of the Motions. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature. *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). Plaintiff has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter. Under these circumstances, the Court will construe Defendants' Motion as a Motion for Summary Judgment as to some counts.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In assessing the motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 411 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A fact is

"material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49, 106 S.Ct. 2505.

## ANALYSIS

Plaintiff asserts state law claims against the individual officer Defendants for assault (Count I), battery (Count II), intentional infliction of emotional distress (Count IV), and violation of Maryland's Declaration of Rights (Count V). (Am. Compl., ECF No. 17.) In addition, Plaintiff asserts federal constitutional violations against Defendant Officer Ross in his official capacity (Count III), Defendants Salisbury Police Department and Mayor and City Council of Salisbury (Counts VI, VII, and VIII), and seeks indemnification against Defendants Salisbury Police Department and Mayor and City Council of Salisbury (Count IX). Plaintiffs' federal claims under Counts III, VI, VII, and VIII will be dismissed with prejudice because Plaintiffs have failed to allege that the Defendants violated the Fourth and Fourteenth Amendments. Further, this Court will exercise its supplemental jurisdiction over Plaintiffs' state claims under Counts I, II, IV, and V for the purposes of judicial efficiency. The Court will also dismiss Counts I, IV, and IX with prejudice for failure to state claims for relief. Any attempt to further amend the Amended Complaint would be futile. Finally, Summary Judgment will be entered in favor of Defendants on Counts II and V.

### I. Federal Claims (Counts III, VI, VII, and VIII)

Counts III, VI, VII, and VIII are all federal claims asserted under 42 U.S.C. § 1983 which must be dismissed with prejudice as they are devoid of any factual support. Under 42

7

U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured ...." § 1983.  Section 1983 does not create "substantive rights"; rather, it provides "a method for vindicating federal rights elsewhere conferred." *Thompson v. Dorsey*, ELH-10-1364, 2011 WL 2610704, at *3 (D. Md. June 30, 2011) (quoting *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)).

Count III sues Officer Ross in his official capacity for use of excessive force.  Counts VI, VII, and VIII sue Defendants Mayor and City Council of Salisbury and the Salisbury Police Department for unconstitutional customs or practices, inadequate training, and failure to supervise.

As to Count III, a claim against a state official in his official capacity is analogous to asserting a claim against the entity of which the official is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law….Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'").  Such official capacity claims must assert that the official's conduct was performed in furtherance of some "policy or custom," as articulated by the United States Supreme Court in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).  As a result, Plaintiff's claim against Officer Ross in his official capacity must be dismissed with

prejudice as it does not allege any such "policy or custom" that played a part in the alleged violation of Plaintiff's rights.

As to Counts VI, VII, and VIII, which are brought under *Monell* against the Defendant entities Mayor and City Council of Salisbury and the Salisbury Police Department[6], Plaintiff also fails to state a claim. The Amended Complaint is completely devoid of any facts sufficient to assert claims under *Monell* for unconstitutional customs or practices, inadequate training, or failure to supervise.

A plaintiff may establish the existence of an unconstitutional policy or custom in several ways: "1) through an express policy, such as a written ordinance or regulation; 2) through the decisions of a person with final policymaking authority; 3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or 4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle,* 326 F.3d 463, 471 (4th Cir.2003) (quoting *Carter v. Morris,* 164 F.3d 215, 218 (4th Cir.1999)). Beyond boilerplate allegations, Plaintiff fails to allege how the May 26, 2017 incident reflects such a custom or practice.

Nor do Plaintiff's allegations state *Monell* claims for inadequate training or a failure to supervise on the part of Defendants. A claim for inadequate training must reveal "(1)the nature of the training, (2) that the training was a 'deliberate or conscious' choice by the municipality, and (3) that the officer's conduct resulted from said training." *Jones v. Chapman*,

---

[6] The Court notes that the Salisbury Police Department must also be dismissed as a party because it is not a legal entity capable of being sued. *See Revene v. Charles County Com'rs*, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of the Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency.").

No. ELH-14-2627, 2015 WL 4509871, at *18 (D. Md. July 24, 2015) (citations omitted). Beyond bald assertions, the Amended Complaint contains no such allegations about Defendants' training policies. Similarly, Plaintiff's claim for a failure to supervise does not make any requisite allegation of "widespread abuse" by Defendants. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) ("Generally, a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse….A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability."). In sum, the allegations of the Amended Complaint establish a lawful police stop, the Plaintiff's unlawful flight from this stop and his being apprehended and injured as a result of his flight.

Accordingly, these conclusory allegations cannot stand. Consequently, Plaintiff's federal claims (Counts III, VI, VII, and VIII) will be dismissed *with prejudice*.

## II. State Claims (Counts I, II, IV, and V)

Although Plaintiff's federal claims are dismissed with prejudice, the Court will exercise its supplemental jurisdiction over Plaintiff's remaining state claims pursuant to 28 U.S.C. § 1367. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished"); Wright & Miller, 13D Fed. Prac. & Proc. § 3567.3 (3d ed. 2020). Plaintiff asserts state law claims of assault (Count I), battery (Count II), and intentional infliction of emotional distress (Count IV), in addition to a claim under the Maryland Declaration of Rights Article 24 (Count V).

### A. Assault (Count I).

10

Plaintiff's claim for assault under Maryland law is barred by the applicable one-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault, libel, or slander shall be filed within one year from the date it accrues."). This case arises solely from an incident occurring on May 26, 2017. Accordingly, the limitations period expired on May 26, 2018. However, Plaintiff did not file this action until June 3, 2020 (*See* State Court Complaint, ECF No. 1-4.) As a result, Count I is time-barred and must be dismissed with prejudice.

**B. Battery (Count II).**

Plaintiff alleges that Officers Doyle and Ross committed battery upon him when Officer Ross tackled Plaintiff to the ground and Officer Doyle handcuffed Plaintiff. In Maryland, a battery is "an offensive, non-consensual touching—the 'unlawful application of force to the person of another.'" *Katsenelenbogen v. Katsenelenbogen*, 365 Md. 122, 131 (2001). In the law enforcement context, "contact incident to an arrest cannot form the basis of a claim for battery." *French v. Hines*, 182 Md. App. 201, 265-66 (2008) (quoting Sonja Larsen & Thomas Muskus, 6A C.J.S. *Assault* § 35 (2008 Supp.)). However, "the privilege that a law enforcement officer possesses to commit a battery in the course of a legally justified arrest extends only to the use of reasonable force, not excessive force." *Id.* at 265.

The excessive force inquiry in this context is the same as under the Fourth Amendment to the United States Constitution. *See Richardson v. McGriff*, 762 A.2d 48 (Md. 2000); *French*, 182 Md. App. at 265-66. Whether "an officer has used excessive force is analyzed under a standard of objective reasonableness." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). The Court must determine "whether the officers' actions are 'objectively reasonable'

11

in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor,* 490 U.S. 386, 397 (1989). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. "In considering whether an officer used reasonable force, a court must focus on the moment that the force is employed." *Henry,* 652 F.3d at 531.

There is no dispute that the only physical contact Officer Ross had with Plaintiff Griffin was grabbing Griffin's shirt and tackling him from behind and that the only physical contact Officer Doyle had with Plaintiff Griffin was when he assisted with handcuffing Griffin. (Doyle Aff. ¶¶ 5, 10; Ross Aff. ¶¶ 5, 8, 9; Am. Compl. ¶ 10.) Nor is there any dispute that the Officers employed force in pursuit of Griffin as he attempted to flee after a traffic stop. (*Id.*) While Plaintiff asserts he suffered a catastrophic leg injury, he does not offer any evidence, by Rule 56 affidavit or otherwise, to support a finding that the Officers employed excessive force in tackling and handcuffing him as he was actively resisting arrest in his attempt to evade arrest. Griffin had participated in a car chase and a foot chase, and Officer Ross and Officer Doyle employed reasonable force in their effort to arrest him. *See McNeill v. Weaver*, Civil No. WDQ-10-0029, 2013 WL 4047146, at *4 (D. Md. Aug. 8, 2013) (finding no excessive force used when defendant who suffered leg and face injury had "led the police on a car chase, a foot chase, and was actively resisting arrest").

It is also undisputed that Griffin's arrest was justified and the Officers had probable cause to arrest Griffin without a warrant, as the Officers witnessed the car in which Griffin was traveling commit numerous traffic violations and attempt to evade the police by, *inter alia*,

speeding, swerving, driving the wrong way down a one-way street, and striking a parked vehicle, followed by Griffin's attempt to flee and the discovery on his person of a cigarette box containing suspected narcotics. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); (*see* Doyle Aff. ¶¶ 5, 8; Ross Aff. ¶¶ 5, 8; Am. Compl. ¶¶ 7-8.)

Accordingly, because Griffin was legally arrested and there is no dispute that the Officers did not use excessive force, the Officers' touching of Griffin was privileged. *See French*, 182 Md. App. at 265-66. Nor is there any basis for Plaintiff's assertion of bystander liability, as such liability only attaches if a law enforcement officer "(1)[knew] that a fellow officer [was] violating an individual's constitutional rights; (2) ha[d] a reasonable opportunity to prevent the harm; and (3) cho[se] not to act." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002)). There is clearly no such liability here, where Officer Ross employed reasonable force in stopping Plaintiff's flight and Officer Doyle assisted in handcuffing Plaintiff to execute a legal arrest. Consequently, summary judgment must be entered in favor of Defendants on Count II.[7]

### C. Intentional Infliction of Emotional Distress (Count IV).

Plaintiff asserts that he suffered an intentional infliction of emotional distress as a result of the May 26, 2017 incident. Under Maryland law, a plaintiff asserting a claim for intentional infliction of emotional distress must show: (1) the conduct was intentional or reckless; (2) the

---

[7] While not briefed by the parties, the battery claim is also barred by the applicable 3-year statute of limitations for tort claims in Maryland. *See Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 722 (D. Md. 2014) (citing *Ford v. Douglas*, 144 Md. App. 620, 799 A.2d 448, 451 (2002)) ("a claim for battery or vicarious liability for battery must be brought within three years."). Plaintiff did not file suit until June of 2020, more than three years after the subject incident on May 26, 2017.

conduct was extreme and outrageous; (3) there was a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress was severe. *Manikhi v. Mass Transit Admin.*, 360 Md. 333, 758 A.2d 95, 113 (Md. 2000). Plaintiff has failed to allege any evidence that the Officers' conduct was reckless, extreme, or outrageous or that Plaintiff's emotional distress was severe. *See id.* at 368 (finding conclusory allegations of emotional distress insufficient as emotional distress must be pled with particularity). Indeed, Plaintiff has failed to allege that the Officers' conduct was anything other than reasonable force to effect a legal arrest of Plaintiff. Accordingly, Plaintiff's bald allegations of emotional distress and outrageous conduct fail to state a claim and must be dismissed with prejudice. [8]

### D. State constitutional claim (Count V).

Article 24 of the Maryland Declaration of Rights provides, "no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property…." Md. Const. Decl. of Rights art. XXIV. Plaintiff's state constitutional claim under Maryland's Declaration of Rights are construed *in pari materia* to the Fourth and Fourteenth Amendment to the United States Constitution. *See Miller v. Prince George's County*, 475 F.3d 621, 631 n.5 (4th Cir. 2007) ("state constitutional claims under Articles 24 and 26 of the Maryland Declaration of Rights are construed *in pari materia* to…Fourth Amendment claim[s]."); *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (2000) ("This Court has interpreted Article 24 of the Maryland

---

[8] While not briefed by the parties, the intentional infliction of emotional distress claim is also barred by the applicable 3-year statute of limitations for tort claims in Maryland. *See Knickman v. Prince George's County*, 187 F. Supp. 2d 559, 563-64 (D. Md. 2002) (intentional infliction of emotional distress claim barred by three-year statute of limitations). Plaintiff did not file suit until June of 2020, more than three years after the subject incident on May 26, 2017.

Declaration of Rights and the Due Process clause of the Fourteenth Amendment of the United States Constitution to be *in pari materia*.").

Accordingly, for the same reasons that summary judgment in favor of Defendants is appropriate for battery under Count II, *supra*, finding Plaintiff's arrest legal and the Officers' use of force reasonable under the Fourth Amendment standard, so too is summary judgment appropriate in favor of Defendants for Plaintiff's state constitutional claim (Count V). *See Smith v. Bortner*, 193 Md. App. 534, 544 (2010) ("the standard for analyzing claims of excessive force by police officers are the same under Articles 24 and 26 of the Maryland Declaration of Rights and that test is one of objective reasonableness, as set forth in the U.S. Supreme Court's Fourth Amendment case of *Graham v. Connor*, 490 U.S. 386.").

### III.     Indemnification claim (Count IX).

Plaintiff's separate cause of action for indemnification must also be dismissed with prejudice, as there is no such cause of action as "indemnification." Maryland's Local Government Tort Claims Act provides, "a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government." Md. Code Ann., Cts. & Jud. Proc. § 5-303(b)(1).  This provision does not, however, create a separate and independent cause of action.  Accordingly, as all of Plaintiff's claims have been dismissed or disposed of on summary judgment in favor of Defendants, there is no basis for indemnification, and Count IX must be dismissed with prejudice.

### IV.     Leave to Amend (ECF No. 24) is DENIED.

Plaintiff seeks leave to amend his Amended Complaint to address the deficiencies discussed above. While Fed. R. Civ. P. 15(a) requires that leave to amend "shall be freely given when justice so requires," a district court may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). As this Court has repeatedly explained, an amendment is futile if it would not survive a motion to dismiss. *See, e.g.*, *Whitaker v. Ciena Corp.*, RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018) (citing *Tawaab v. Virginia Linen Service, Inc.*, 729 F. Supp. 2d 757, 770 (D. Md. 2010)).

Plaintiff's proposed Second Amended Complaint contains no federal claims and asserts only three state law claims: (1) battery against the Defendants Ross and Doyle; (2) excessive force in violation of Maryland's Declaration of Rights against Defendants Ross, Doyle, Salisbury City, and the Mayor and City Council; and (3) a claim titled "Violation of Maryland Declaration of Rights." Such amendment is not only prejudicial to Defendants, as the removal of the federal claims would likely entail a remand to state court, but the amendment would also be futile. The Court has explained its entry of summary judgment on these already amended claims, *supra*, so any further amendment would be futile. Accordingly, Counts I, III, IV, VI, VII, VIII, and IX are DISMISSED WITH PREJUDICE and Plaintiff's request for leave to amend (ECF No. 24) is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' original Motion to Dismiss or for Summary Judgment (ECF No. 15), is DENIED AS MOOT. Defendants' Motion to Dismiss or for

16

Summary Judgment (ECF No. 3), construed as a Motion for Summary Judgment, is GRANTED.  Specifically, Counts I, III, IV, VI, VII, VIII, and IX are DISMISSED WITH PREJUDICE; and SUMMARY JUDGMENT IS ENTERED in favor of Defendants on Counts II and V.  Finally, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 24) is DENIED.

    A separate Order follows.

Dated: October 19, 2020

                                                _____/s/_____
                                                Richard D. Bennett
                                                United States District Judge